**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

======================================

JAY KRIGER AND NANCY KRIGER
individually and all other similarly situated consumers

Plaintiffs,

-against-

ADMIN RECOVERY LLC

Defendant.

======================================

**CLASS ACTION COMPLAINT**

***INTRODUCTION***

1)      Plaintiffs Jay Kriger and Nancy Kriger file this Complaint seeking redress for the illegal practices of Defendant Admin Recovery LLC who, inter alia, used false, deceptive, and misleading practices, and other illegal practices, in connection with its attempts to collect an alleged debt from the Plaintiffs and others.

2)      The Plaintiffs allege that Defendant's collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"). Such collection practices include, inter alia:

(a)   Leaving prerecorded telephonic voice messages for consumers, which fail to provide meaningful disclosure of Defendant's identity;

(b)   Leaving prerecorded telephonic voice messages for consumers, which

-1-

fail to disclose that the call is from a debt collector; and

(c)    Leaving prerecorded telephonic voice messages for consumers, which
fail to disclose the purpose or nature of the communication (i.e. an
attempt to collect a debt).

3)     The FDCPA regulates the behavior of collection agencies attempting to
collect a debt on behalf of another. The United States Congress has found abundant
evidence of the use of abusive, deceptive, and unfair debt collection practices by many
debt collectors, and has determined that abusive debt collection practices contribute to
a number of personal bankruptcies, marital instability, loss of jobs, and invasions of
individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection
practices by debt collectors, to ensure that those debt collectors who refrain from using
abusive debt collection practices are not competitively disadvantaged, and to promote
uniform State action to protect consumers against debt collection abuses. 15 U.S.C. §
1692(a) - (e).

4)     The FDCPA is a strict liability statute, which provides for actual or
statutory damages upon the showing of one violation. The Second Circuit has held that
whether a debt collector's conduct violates the FDCPA should be judged from the
standpoint of the "least sophisticated consumer." Clomon v. Jackson, 988 F.2d 1314
(2d Cir. 1993).

5)     To prohibit harassment and abuses by debt collectors the FDCPA, at 15
U.S.C. § 1692d, provides that a debt collector may not engage in any conduct the

natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt and names a non-exhaustive list of certain per se violations of harassing and abusive collection conduct. 15 U.S.C. § 1692d(l)-(6). Among the per se violations prohibited by that section are: the placement of telephone calls without meaningful disclosure of the caller's identity, 15 U.S.C. § 1692d(6). To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection practices and names a non-exhaustive list of certain per se violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among the per se violations prohibited by that section are: using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § 1692e(10); the failure by debt collectors to disclose in initial oral communications that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, 15 U.S.C. § 1692e(11); and the failure by debt collectors to disclose in subsequent oral communications with consumers that the communication is from a debt collector, 15 U.S.C. § 1692e(11).

### *PARTIES*

6)     At all times relevant to this lawsuit, Plaintiffs are citizens of the State of New York who reside within this District.

7)     Plaintiffs are consumers as that term is defined by Section 1692(a)(3) of the FDCPA.

8)     The alleged debt that Defendant sought to collect from the Plaintiffs involves a consumer debt.

9)     At all times relevant to this lawsuit, Defendant's principal place of business is located within Clarence, New York.

10)     Defendant is regularly engaged upon, for profit, in the collection of allegedly owed consumer debts.

11)     Defendant is a "debt collector" as specifically defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *JURISDICTION & VENUE*

12)     Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

13)     Venue is proper in this District because the acts and transactions occurred here, Plaintiffs reside here, and Defendant transact business here.

### *FACTUAL ALLEGATIONS*

14)     Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

15)     Within the one year immediately preceding the filing of this complaint, the Defendant contacted the Plaintiffs on multiple occasions via telephone and left numerous prerecorded voice messages in an attempt to collect the alleged obligation.

16)     By way of limited example only, the following is a transcript of one such message that Defendant left for Plaintiffs on their cellular telephone voicemail system

on or about December 28, 2012:

"This is a message meant only for Jay Kriger; Mr. Jay Kriger; Ron Skrasinsky calling here from Admin Recovery; Mr. Kriger, I'm trying to get in contact with you sir with regards to the paperwork that was received here within this office; Mr. Kriger before this decision may progress moving forward, I did want an opportunity to speak with you; my phone number is 18557770152, my extension sir is of 354 I can be reach Mr. Kriger within this office until about 5 o'clock; very important sir we speak; thank you."

17)    By way of limited example only, the following is a transcript of one such prerecorded message that Defendant left for Plaintiffs on their cellular telephone voicemail system on or about March 8, 2013:

"Hello; this is a courtesy call from Admin Recovery; we are attempting to reach you about a final decision we need to make on your behalf in regards to an account our company as acquired; please contact our office today at 18667037961; thank you."

18)    During the said calls, Defendant failed to provide Plaintiffs with the notices required by 15 U.S.C. § 1692e(11), namely, by failing to advise Plaintiffs that the calls were from a debt collector or that the Defendant was attempting to collect a debt.

19)    Each of the prerecorded messages is a "communication" as defined by 15 U.S.C. § 1692a(2).

20)    Each of the above prerecorded messages uniformly failed to identify the

callers as debt collectors attempting to collect a debt.

21)    The only way for Plaintiffs and/or any least sophisticated consumer to obtain the identity of the caller leaving the messages, and to ascertain the purpose underlying the messages, is to place a return call to the telephone number provided in the messages and speak with a debt collector employed by Admin Recovery LLC, and to provide the debt collector with personal information.

22)    The Defendant intended that the prerecorded messages have the effect of causing Plaintiffs, and least sophisticated consumers to place return calls to the telephone number provided in the messages and speak with its debt collectors, and then provide those debt collectors with their personal information, as the sole means of obtaining the identity of the caller leaving the said prerecorded messages, and to ascertain the purpose underlying the messages.

Scores of federal court decisions -- including the 2nd Circuit Court of Appeals and Districts Courts within the State of New York -- uniformly hold that the FDCPA requires debt collectors to provide meaningful identification of itself in telephonic voice messages left for consumers, such as the said prerecorded messages, by accurately stating the name of the debt collection company and stating the nature and/or purpose of the call.

23)    At all times relevant to this action, Admin Recovery LLC was aware of the substantial weight of legal authority requiring it to provide meaningful identification of itself in telephonic voice messages left for consumers, such as the said prerecorded

messages, by accurately stating its company name and stating the nature and/or purpose of the call.

24)   At all times relevant to this action, Admin Recovery LLC willfully, deliberately, and intentionally chose not to provide meaningful identification of itself in telephonic voice messages left for consumers, such as the said prerecorded messages, by accurately stating its company name and stating the nature and/or purpose of the call.

25)   The Defendant's act of leaving the said prerecorded messages for Plaintiffs is conduct the natural consequences of which is to harass, oppress, or abuse a person in connection with the collection of a debt and is in violation of the FDCPA.

26)   The Defendant's act of leaving the said prerecorded messages for Plaintiffs constitutes the use of a false, deceptive, or misleading representation or means in connection with the collection of any debt and is in violation of the FDCPA.

27)   The FDCPA secures a consumer's right to have a debt collector cease further communications with the consumer.  By failing to meaningfully identify itself, disclose the purpose of its call and state that Admin Recovery LLC is a debt collector in a manner understandable to the least sophisticated consumer, the Defendant has engaged in conduct designed to deprive consumers of their right to have a debt collector cease further communications.

28)   It is Defendant's policy and practice to  leave telephonic voice messages for consumers and other persons, such as the above said prerecorded messages, that

violate the FDCPA by, inter alia:

(a)     Failing to provide meaningful disclosure of Admin Recovery LLC's

        identity; and

(b)     Failing to disclose that the call is from a debt collector; and

(c)     Failing to disclose the purpose or nature of the communication, i.e. an

        attempt to collect a debt.

29)     Upon information and belief, such messages, as alleged in this complaint,

number at least in the hundreds.

30)     Defendant has engaged in a pattern of leaving messages without

disclosing that the communication is from a debt collector.

31)     The said prerecorded telephone messages are in violation of 15 U.S.C.

§§ 1692e(10) and 1692e(11) for failing to indicate that the messages were from a debt

collector which constitutes a deceptive practice.

## *CLASS ALLEGATIONS*

32)     This action is brought as a class action. Plaintiffs bring this action

individually, and on behalf of all other persons similarly situated pursuant to Rule 23 of

the Federal Rules of Civil Procedure.

33)     With respect to the Plaintiffs' Class, this claim is brought on behalf of a

class of (a) all persons in the State of New York. (b) for whom Admin Recovery LLC left

a voicemail or answering machine message, in the form of the above said prerecorded

messages, (c) that did not identify Admin Recovery LLC by its true company name or

state that the call was for collection purposes (d) made in connection with Admin Recovery LLC's attempt to collect a debt (e) which the said prerecorded messages violate the FDCPA (f) during a period beginning one year prior to the filing of this initial action and ending 21 days after the service of the initial complaint filed in this action.

34) The identities of all class members are readily ascertainable from the records of Admin Recovery LLC and those business and governmental entities on whose behalf it attempts to collect debts.

35) Excluded from the Plaintiffs' Class are the Defendants and all officers, members, partners, managers, directors, and employees of Admin Recovery LLC, and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

36) There are questions of law and fact common to the Plaintiffs' Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether the Defendant's telephonic voice messages, such as the above said prerecorded messages, violate 15 U.S.C. §§ 1692d(6), 1692e(10), and 1692e(11).

37) The Plaintiffs' claims are typical of the class members, as all are based upon the same facts and legal theories.

38) The Plaintiffs will fairly and adequately protect the interests of the Plaintiffs' Class defined in this complaint. The Plaintiffs have retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions,

and neither the Plaintiffs nor their attorneys have any interests, which might cause them not to vigorously pursue this action.

39)    This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a)    **Numerosity:** The Plaintiffs are informed and believe, and on that basis alleges, that the Plaintiffs' Class defined above is so numerous that joinder of all members would be impractical.

(b)    **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiffs' Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendant's telephonic voice messages, such as the above said prerecorded messages violate 15 U.S.C. §§ 1692d(6), 1692e(10), and 1692e(ll).

(c)    **Typicality:** The Plaintiffs' claims are typical of the claims of the class members.  Plaintiffs and all members of the Plaintiffs' Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d)    **Adequacy:** The Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs have no interests that are adverse to the absent class members. The Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer

lawsuits, complex legal issues, and class actions. Neither the Plaintiffs nor their counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

(e)     **<u>Superiority:</u>** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendants who, on information and belief, collect debts throughout the United States of America.

40)     Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is  also appropriate in that a determination that the said prerecorded messages violate 15 U.S.C. §1692d(6), 1692e(10), and/or §1692e(11) is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

41)     Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual

member, and a  class action is superior to other available methods for the fair and efficient adjudication of the controversy.

42)     Depending on the outcome of further investigation and discovery, Plaintiffs may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R.Civ. P. 23(c)(4).

### *FIRST CAUSE OF ACTION*

***Violations of the Fair Debt Collection Practices Act brought by Plaintiffs individually, and the members of a class, as against the Defendant.***

43)     Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

44)     Defendant violated the FDCPA.  Defendant's violations with respect to the above said prerecorded messages include, but are not limited to, the following:

(a)     Engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. § 1692d;

(b)     Leaving prerecorded telephonic voice messages which fail to disclose the purpose or nature of the communication (i.e., an attempt to collect a debt), in violation of 15 U.S.C. §1692d(6);

(c)     Using a false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, which constitutes a violation of 15 U.S.C. § 1692e(10);

(d)     Failing to disclose in its initial communication with the consumer,

-12-

when that communication is oral, that Defendant, Admin Recovery LLC was attempting to collect a debt and that any information obtained will be used for that purpose, which constitutes a violation of 15 U.S.C. § 1692e(11); and

(e)　　　Failing to disclose in all oral communications that Admin Recovery LLC is a debt collector in violation of 15 U.S.C. §1692e(11).

WHEREFORE, Plaintiffs, respectfully request that this Court enter a judgment in Plaintiffs' favor as against the Defendant and award damages as follows:

(a)  Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k);

and

(b)  Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c)  Any other relief that this Court deems appropriate and just under the circumstances.

Dated:  Brooklyn, New York
        August 19, 2013

/s/ David Palace_____
**Law Offices of David Palace** (DP 3855)
383 Kingston Ave.  #113
Brooklyn, New York 11213
Telephone: 347-651-1077
Facsimile: 347-464-0012

Plaintiffs request trial by jury on all issues so triable.

/s/ David Palace_____
 David Palace esq. (DP 3855)

-13-

-14-